#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAHIID MUJAHEED AL-AMIIN, a/k/a James Turner Shockey, Jr., <br><br>Petitioner,<br><br>v.<br><br>SCOTT CROW, DOC Director,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV 21-110-RAW-KEW<br>)<br>)<br>)<br>) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations and for failure to exhaust state remedies. (Dkt. 20). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility, a private prison in Lawton, Oklahoma. He is attacking his conviction in Latimer County District Court Case No. CRF-1991-50 for First Degree Murder. He alleges that because he has "native blood," the State of Oklahoma lacked jurisdiction to prosecute him for his crime that was committed within the boundaries of the Choctaw Nation Reservation. (Dkt. 1 at 3).

The record shows that on October 3, 1991, Petitioner, represented by counsel, entered a guilty plea to First Degree Murder, in violation of Okla. Stat. tit. 21, § 701.7 (Supp. 1989), and judgment was entered on that date. (Dkts. 21-1, 21-2). The plea was pursuant to a negotiated agreement that provided for a sentence of life imprisonment. (Dkt. 21-1). Petitioner did not seek to withdraw his plea or file an appeal. (Dkt. 1 at 2).

On August 3, 2020, Petitioner filed in the state district court an application for post-conviction relief (Dkt. 21-4 at 1-9), alleging he is an Indian and his crime occurred in on the tribal lands of the Choctaw Nation, *id*. at 1. On that same date, he also filed a "Petition for Post-Conviction Relief Evidentiary Hearing" (Dkt. 21-4 at 10-27), asserting he is a member

of the Choctaw Nation, his crime falls under the Major Crimes Act, and he should have been tried in federal or tribal court, *id*. at 10.  Also on August 3, 2020, he filed a "Petition for Motion to Vacate Conviction and Sentence Pursuant to O.S. Title 22, § 10815 and O.S. Title 12, Rule 5." (Dkt. 21-4 at 28-30).

The state district court considered and denied Petitioner's requests for relief in an order entered on August 5, 2020.  (Dkt. 21-5).  The district court noted that Petitioner had cited *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020), and *Sharp v. Murphy*, __ U.S. __, 140 S.Ct. 2412 (2020), in his application. *Id.* at 1.  The court, however, found those cases concerned the Creek Nation, which was not the location of Petitioner's crime. *Id.*  Further, at the time the state district court entered its order, neither *McGirt* nor *Murphy* was final.[1] *Id.* at 1-2.  The district court, therefore, held that Petitioner's post-conviction application was premature. *Id.*  Petitioner did not appeal from the order denying post-conviction relief.  (Dkt. 1 at 3).

> On March 5, 2021, Petitioner commenced this habeas corpus action, raising one claim:
>
> The State of Oklahoma lacks jurisdiction to prosecute the petitioner (or others) with native blood for crimes that were committed by or against them within the boundaries of the Choctaw Nation Reservation, of which Latimer County is a part of, and any said prosecution is in violation of the Constitution, laws, or treaties of the United States.

(Dkt. 1 at 3).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).  (Dkt. 21 at 1).  Respondent further claims Petitioner has not fully litigated in the state courts his alleged ground for relief. *Id.*  Section 2244(d) provides that:

---

[1] Both cases were decided on July 9, 2020, and the judgments were entered on August 10, 2020.

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's Judgment and Sentence was entered on October 3, 1991, and he did not seek direct review by the Oklahoma Court of Criminal Appeals. To appeal from a guilty plea in Oklahoma, the defendant first must move to withdraw the plea in the state district court within ten days of the entry of the judgment and sentence. *See* Rule 2.5(A), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18., App.; *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Ten days from October 3, 1991, was a Sunday, so Petitioner's time to apply to withdraw his guilty plea expired on Monday, October 14, 1991, and his conviction became final on that date.

Where, as here, a defendant's conviction became final before the effective date of the AEDPA on April 24, 1996, the one-year limitation period for a federal habeas petition starts on AEDPA's effective date. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Absent a tolling event within the one-year period commencing April 24, 1996, Petitioner's

time to timely file for habeas corpus relief expired on April 24, 1997. *Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015). This petition, however, was not filed until March 5, 2021, almost 24 years after the deadline. (Dkt. 1).

While a state prisoner "ordinarily has one year to file a federal petition for habeas corpus starting from the date on which the judgment became final," the filing period will be extended if the petition alleges facts that satisfy one of the alternative triggering events at § 2244(d)(1)(B), (C), or (D). *See McQuiggin v. Perkins*, 569 U.S. 383, 388-89 (2013). Petitioner, however, does not invoke § 2244(d)(1)(B), (C), or (D) to argue his petition is timely, and the petition does not plead any facts that would trigger alternative triggering events in this case. Instead, Petitioner alleges the following:

> The matter/claim here presented to this Court is over the jurisdictional challenge on Indian County lands of which the State of Oklahoma has not jurisdiction over, and is not barred bring raised here.
>
> See Magnan v. State, 207 P.3d 397, 402 (Okla. Crim. App. 2009) cited in Murphy v. Royal, No. 07-7068 & 15-7041, Nov. 9, 2017 (N.D. Okla. 10th Cir. 2017) (considering Indian County jurisdictional challenge and explaining subject matter jurisdiction may be challenged at any time).

(Dkt. 1 at 8) (spelling and syntax in original).

Construing Petitioner's pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), Petitioner appears to be arguing that subject-matter jurisdiction never can be waived. A claim alleging lack of jurisdiction is cognizable on habeas review, because it implicates the petitioner's constitutional right to due process. *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). "As with any other habeas claim," however, § 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011), *accord United States v. Patrick*, 264 F. App'x 693, 694-96 (10th Cir. 2008). *See also Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *4 (N.D. Okla. Oct. 22, 2020) (unpublished)

(holding that "petitioner's assertion that issues of jurisdiction 'should never be subject to procedural bar' is simply incorrect") (internal citation omitted).

Petitioner does not allege his petition is timely in light of a new, retroactively applicable constitutional ruling, or that it is based on newly-discovered factual information, or that the State impeded his access to federal court. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). In addition, the rule of liberal construction of pro se pleadings does not permit the Court to "rewrite a petition to include claims that were never presented." *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir 2021) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).[2]

Petitioner fails to allege or argue equitable tolling in his petition, his response to the motion to dismiss (Dkt. 25), or his two "supplements" to his response (Dkts. 27, 28). He carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to equitable tolling.

After careful review, the Court finds that Petitioner's petition for a writ of habeas corpus (Dkt. 1) is time barred. Because the petition should be dismissed as untimely, the Court does not reach Respondent's argument concerning Petitioner's alleged failure to

---

[2] After Petitioner filed this habeas petition, the Oklahoma Court of Criminal Appeals held that, for purposes of post-conviction review, *McGirt* does not apply retroactively to convictions that were final at the time the decision was handed down. *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021) ("[W]e now hold that *McGirt* and our post-*McGirt* decisions recognizing these reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided."), *cert. denied*, *Parish v. Oklahoma*, 142 S.Ct. 757 (Jan. 10, 2022).

exhaust his state remedies.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss petition (Dkt. 20) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 15th day of July 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA